## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## CIVIL NO:

| | |
|---|---|
| KAREN VICKERY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FINANCIAL RECOVERY SERVICES, INC. | )   **COMPLAINT** |
| | ) |
| Defendant. | ) |

### INTRODUCTION

1. This action arises out of Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the state of Minnesota, personal jurisdiction is established.

4. Venue in the United States District Court is proper under 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

### PARTIES

6. Plaintiff is a natural person residing in South Carolina.

-1-

7. Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3).

8. Defendant is a national collection agency with its principle place of business at 4900 Viking Drive, Edina, Minnesota, 55435.

9. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

10. At all times relevant to this Complaint, Defendant has acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers in the District of Minnesota.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant contacts Plaintiff approximately two (2) time a day, seeking and demanding payment for an alleged debt.

13. Defendant threatened to take action against Plaintiff if Plaintiff did not pay the alleged debt.

14. Defendant places telephone calls without meaningful disclosure of the caller's identity as Defendant will call Plaintiff and hang up withouth leaving a voicemail message.

15. Defendant has failed to identify itself as a debt collector in subsequent communications as Defendant will call Plaintiff and hang up withouth leaving a voicemail message.

## COUNT ONE:
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

16. Defendant's violations of the FDCPA include, but are not limited to, the following:

   a. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.
   b. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.
   c. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity because Defendant calls Plaintiff and hangs up without leaving a voicemail message.
   d. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by calling Plaintiff and hanging up without leaving a voicemail message.
   e. Defendant violated *§1692e(10)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector as Defendant calls Plaintiff and hangs up without leave a voicemail message.
   f. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the call is from a debt collector because Defendant calls Plaintiff and hangs up without leaving a voicemail message.
   g. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector as Defendant calls Plaintiff and hangs up without leave a voicemail message

17. Plaintiff is entitled to her attorney's fees and costs incurred in this action.

18. This case presents an actual and justiciable controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for the following:

    a. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*;
    b. Actual damages
    c. Statutory damages pursuant to 15 U.S.C. § 1692k
    d. Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and
    e. Awarding such other and further relief as may be just, proper and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.Pro. 38.

**KROHN & MOSS, LTD**

Dated: February 23, 2010

By: s/ Lee Cassie Yates_____
    Lee Cassie Yates - # 352688
    120 West Madison Street, 10th Floor
    Chicago, Illinois 60602
    Telephone: (312) 578-9428

*Attorney for Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF SOUTH CAROLINA   )
COUNTY OF BEAUFORT        )

Plaintiff, KAREN VICKERY, having first being duly sworn and upon oath, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.
Pursuant to 28 U.S.C. § 1746(2),

I, KAREN VICKERY hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_____
Karen Vickery